```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MANDELL & WRIGHT, P.C., | § | BANKRUPTCY NO. 04-39807-H5-7 |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| ELIOT P. TUCKER and | § | |
| STEPHEN VAUGHAN, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3185 |
| | § | |
| ROBERT D. RAPP, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Eliot P. Tucker and Stephen Vaughan ("appellants") appeal the Order Regarding Objection to Claim of Robert Rapp, entered August 4, 2005, by the United States Bankruptcy Court for the Southern District of Texas, Houston Division (Docket Entry No. 136 in Bankruptcy No. 04-39807).[1] The August 4, 2005, Order denies the objections of the trustee and the appellants to the claim of Robert Rapp, and allows Robert Rapp's unsecured non-priority claim.[2] For the reasons set forth below, the order of the bankruptcy court will be affirmed.

---

[1]Notice of Bankruptcy Appeal, Docket Entry No. 1 in C.A. No. H-05-3185.

[2]Order Regarding Objection to Claim of Robert Rapp, Docket Entry No. 136 in Bankruptcy Case No. 04-39807.

## I. Background

On July 9, 2004, Mandell & Wright, P.C. ("debtor") filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.[3] The case was originally a no-asset chapter 7, and creditors were directed not to file a claim.[4]

Prior to filing for bankruptcy, Mandell & Wright, P.C. was a law firm, and Robert Rapp was at one time a one-third shareholder in that firm, along with Eliot Tucker and Stephen Vaughan.[5] Rapp's relationship with debtor ended, and Rapp sued debtor in state court but lost.[6] Rapp appealed the judgment, which was overturned and rendered in his favor for over a million dollars.[7] After this verdict was rendered, debtor filed for bankruptcy.[8] The judgment was on appeal to the Texas Supreme Court when debtor filed the instant chapter 7 petition.[9]

After debtor filed bankruptcy, Tucker and Vaughan formed a new law firm, Tucker, Vaughan, Gardner & Barnes, P.C., and on

---

[3]Docket Entry No. 1 in Bankruptcy Case No. 04-39807.

[4]Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, Docket Entry No. 9 in Bankruptcy Case No. 04-39807.

[5]Order Regarding Objection to Claim of Robert Rapp, p. 1, Docket Entry No. 136 in Bankruptcy Case No. 04-39807.

[6]Id.

[7]Id. See also Rapp v. Mandell & Wright, P.C., 127 S.W.3d 888 (Tex. App. -- Corpus Christi 2004, pet. denied).

[8]Order Regarding Objection to Claim of Robert Rapp, p. 1, Docket Entry No. 136 in Bankruptcy Case No. 04-39807.

[9]Id.

August 26, 2004, the trustee filed an Application to Compromise Controversy with Tucker, Vaughan, Gardner & Barnes, P.C. to settle the ownership of certain contingent fee cases between the estate and Tucker and Vaughan's new law firm.[10] On September 15, 2004, Rapp filed an Objection to the Trustee's Application to Compromise Controversy with Tucker, Vaughan, Gardner & Barnes, P.C. ("Rapp's Objection"), arguing that the trustee was undervaluing the estate's interest in the contingency cases.[11] Rapp's Objection stated that of the $1,593,423.41 of debt to creditors holding unsecured, non-priority claims scheduled by debtor, Rapp's judgment debt constitutes $1,144,214.47, or approximately 87% of the total.[12] Rapp alleged that debtor filed bankruptcy to avoid payment of this claim.[13]

Tucker and Vaughan filed a response to Rapp's Objection on October 7, 2004, which stated that "[i]f the Judgment in favor of Rapp is upheld, he will be M&W's [the debtor's] largest creditor."[14]

---

[10]Trustee's Application to Compromise Controversy with Tucker, Vaughan, Gardner & Barnes, P.C., Docket Entry No. 41 in Bankruptcy Case No. 04-39807.

[11]Rapp's Objection to the Trustee's Application to Compromise Controversy with Tucker, Vaughan, Gardner & Barnes, P.C., Docket Entry No. 50 in Bankruptcy Case No. 04-39807.

[12]Id. at ¶ 14.

[13]Id.

[14]Response of Tucker Vaughan Gardner & Barnes P.C. to the Objections of Pitts & Collard, LLP and Robert D. Rapp to the Trustee's Application to Compromise Controversy with Tucker,
(continued...)

The response also stated that "[i]t is this Judgment that caused M&W to file for Chapter 7 relief."[15]  On October 26, 2004, the court granted the Trustee's Application to Compromise Controversy over the objections of Rapp and the limited objections of another creditor.[16]  Rapp's appeal[17] of the Bankruptcy Court's Order was not successful.[18]

To allow review in the Texas Supreme Court of Rapp's lawsuit against debtor, the trustee filed a motion for relief from the automatic stay on October 4, 2004.[19]  This motion stated that "Mr. Rapp, by virtue of his judgment, is the largest unsecured creditor of the estate."[20]  The Bankruptcy Court modified the automatic stay on October 27, 2004, to permit the appeal to the

---

[14](...continued)
Vaughan, Gardner & Barnes P.C., ¶ 8, Docket Entry No. 64 in Bankruptcy Case No. 04-39807.

[15]Id.

[16]Order Granting Trustee's Application to Compromise Controversy with Tucker, Vaughan, Gardner & Barnes, P.C., Docket Entry No. 70 in Bankruptcy Case No. 04-39807.

[17]Rapp's Notice of Appeal from the Order Granting the Trustee's Application to Compromise Controversy with Tucker, Vaughan, Gardner & Barnes, P.C., Docket Entry No. 74 in Bankruptcy Case No. 04-39807.

[18]Order, Docket Entry No. 123 in Bankruptcy Case No. 04-39807; Judgment, Docket Entry No. 124 in Bankruptcy Case No. 04-39807.

[19]Motion of Trustee Janet S. Casciato-Northrup for Relief from Stay, Docket Entry No. 58 in Bankruptcy Case No. 04-39807.

[20]Id. at ¶ 7.

Texas Supreme Court to proceed.[21]  The Texas Supreme Court subsequently denied debtor's petition for review on December 3, 2004, making Rapp's judgment against debtor final.[22]

In the meantime, creditors had been sent a notice on August 31, 2004, that the debtor had assets, and that the deadline to file a claim was ninety days from the date of issuance of the notice, which fell on November 29, 2004.[23] Although the notice was received in the office of Rapp's attorney, it was misfiled, and his attorney was not aware of the deadline until March of 2005.[24] After becoming aware of the deadline, Rapp then filed his formal proofs of claim on March 25, 2005.[25]  He filed formal proof of claim no. 13, showing the amount due him as of the date of filing as $1,215,259.57, and no. 14, an amended formal proof of claim setting forth a credit that reduced the amount of his claim to $1,198,481.57.[26]  The trustee and Tucker and Vaughan objected to Rapp's claim no. 14 because it was filed after November 29, 2004,

---

[21]Order Modifying Stay, Docket Entry No. 71 in Bankruptcy Case No. 04-39807.

[22]Rapp v. Mandell & Wright, P.C., 127 S.W.3d 888 (Tex. App. -- Corpus Christi 2004, pet. denied).

[23]Notice of Assets, Notice to Creditors and Other Parties in Interest of the Need to File Claims, Docket Entry No. 46 in Bankruptcy Case No. 04-39807.

[24]See Rapp's Brief of Appellee, p. 4, Docket Entry No. 4 in C.A. No. H-05-3185.

[25]Order Regarding Objection to Claim of Robert Rapp, p. 2, Docket Entry No. 136 in Bankruptcy Case No. 04-39807.

[26]Id.

the Bankruptcy Court's deadline for filing proofs of claim.[27]  The trustee argued that claim no. 14 should be subordinated to all timely-filed claims.[28]  Tucker and Vaughan argued that Rapp's claim no. 14 should be disallowed.[29]  Rapp responded, arguing that claims no. 13 and 14 were amendments to an informal proof of claim, filed before the November 29, 2004, deadline.[30]  Rapp relied on his September 15, 2006, Objection to the Trustee's Application to Compromise Controversy as constituting the informal proof of claim, and cited pleadings by Tucker and Vaughan and the trustee to show that they understood Rapp to be a creditor.[31]  The Bankruptcy Court held a hearing on the objections to Rapp's proof of claim on July 22, 2005.  On August 4, 2005, the Bankruptcy Court issued an order holding that Rapp's September 15, 2004, objection constituted a timely filed informal proof of claim, and allowed Rapp's claim in

---

[27] Objection to Claim of Robert Rapp, Docket Entry No. 129 in Bankruptcy Case No. 04-39807; Objection to Claim of Robert Rapp, Docket Entry No. 131 in Bankruptcy Case No. 04-39807.

[28] Objection to Claim of Robert Rapp, Docket Entry No. 129 in Bankruptcy Case No. 04-39807

[29] Objection to Claim of Robert Rapp, Docket Entry No. 131 in Bankruptcy Case No. 04-39807.

[30] Robert D. Rapp's Opposition to the Trustee's Motion to Subordinate His Claim and to Tucker & Vaughan's Objection to His Claim and Request for Leave to File Late Claim or Amendment, Docket Entry No. 135 in Bankruptcy Case No. 04-39807.

[31] Id.

the amount of $1,198,481.57.[32] Tucker and Vaughan timely appealed this order.[33]

## II. Standard of Review

The court reviews findings of fact by the bankruptcy court under the clearly erroneous standard and reviews issues of law and mixed questions of law and fact de novo. Universal Seismic Assocs. Inc. v. Harris County (In re Universal Seismic Assocs., Inc.), 288 F.3d 205, 207 (5th Cir. 2002). Whether the Bankruptcy Court correctly applied the legal standard is a matter of law reviewed de novo, but the Bankruptcy Court's balancing of the equities is reviewed for an abuse of discretion. Nikoloutsos v. Nikoloutsos (In re Nikoloutsos), 199 F.3d 233, 235-36 (5th Cir. 2000).

## III. Issue on Appeal

Tucker and Vaughan list the following issues on appeal:

1. Did the Bankruptcy Court err in finding that portions of Rapp's Objection to the trustee's application to compromise controversy constituted an informal proof of claim?

2. Did the Bankruptcy Court err in considering filings by the trustee and Tucker, Vaughan, Gardner & Barnes P.C. as part of Rapp's informal proof of claim?

---

[32]Order Regarding Objection to Claim of Robert Rapp, Docket Entry No. 136 in Bankruptcy Case No. 04-39807.

[33]Notice of Appeal of Order Regarding Objection to Claim of Robert Rapp, Docket Entry No. 140 in Bankruptcy Case No. 04-39807.

    3.    Did the Bankruptcy Court err in ordering that Robert Rapp's late-filed, unsecured, non-priority claim be allowed?[34]

Stated succinctly, Tucker and Vaughan are appealing the Bankruptcy Court's holding that Rapp timely filed an informal proof of claim.

## IV. Analysis

Appellants argue that Rapp did not file an informal proof of claim prior to the November 29, 2004, bar date. Specifically, appellants argue that Rapp's Objection to the Trustee's Application to Compromise Controversy is not an informal proof of claim, and the Bankruptcy Court erred in considering pleadings by parties other than Rapp in finding that Rapp's Objection constituted an informal proof of claim.[35]

Under Federal Rule of Bankruptcy Procedure 3002(a), "[a]n unsecured creditor or an equity security holder must file a proof of claim or interest to be allowed[.]" A proof of claim is defined as "a written statement setting forth a creditor's claim" and it must "conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). A proper proof of claim must include:

(1) name and address of the creditor,

(2) basis for the claim,

---

[34] Eliot Tucker and Stephen Vaughan's Brief of Appellant, p. 1, Docket Entry No. 2 in C.A. No. H-05-3185.

[35] Id. at pp. 4-17.

    (3)   date that debt was incurred,

    (4)   classification of the claim,

    (5)   amount of the claim, and

    (6)   copies of any documents supporting the claim.

Official Form 10.  Failure to file a timely proof of claim can result in the claim receiving a lower priority under the Bankruptcy Code.  <u>United States v. Waindel (Matter of Waindel)</u>, 65 F.3d 1307, 1309 (5th Cir. 1995).  Nevertheless, the common law doctrine of informal proof of claims permits a bankruptcy court to treat the filings of a creditor filed before the bar date as a timely-filed informal proof of claim that can be amended after the bar date to come into conformity with the requirements of Federal Rule of Bankruptcy Procedure 3001(a).  <u>Barlow v. M.J. Waterman & Assocs, Inc. (In re M.J. Waterman & Assocs., Inc.)</u>, 227 F.3d 604, 608 (6th Cir. 2000).

    The Fifth Circuit, in <u>In re Nikoloutsos</u>, adopted the following test to determine whether a party has filed an informal proof of claim:

    (1)   the claim must be in writing;

    (2)   the writing must contain a demand by the creditor on the debtor's estate;

    (3)   the writing must evidence an intent to hold the debtor liable for such debt;

    (4)   the writing must be filed with the bankruptcy court; and

>   (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances.

In re Nikoloutsos, 199 F.3d at 236 (adopting the Tenth Circuit's test as set forth in Reliance Equities, Inc. v. Valley Fed. Sav. and Loan Ass'n (In re Reliance Equities, Inc.), 966 F.2d 1338, 1345 (10th Cir. 1992)). If a document meets the first four requirements, the bankruptcy court then considers whether, given the circumstances surrounding the case, it would be equitable to treat the document as a proof of claim. Hefta v. Official Committee of Unsecured Creditors (In re American Classic Voyages Co.), 405 F.3d 127, 131 (3d Cir. 2005).

Appellants argue that Rapp's Objection to the Trustee's Application to Compromise Controversy does not satisfy elements two and three of the five-part test for an informal proof of claim. Furthermore, appellants argue that the Bankruptcy Court erred by considering filings by the trustee and appellants in determining whether Rapp timely filed an informal proof of claim.

Neither party disputes that Rapp's Objection is in writing or that it was filed with the Bankruptcy Court, elements one and three of the test. This court must therefore examine Rapp's Objection to determine if it satisfies element two, that the writing contain a demand by the creditor on the debtor's estate, and element three, that the writing evidence an intent to hold the debtor liable for such debt.

Rapp's Objection identifies him as "a creditor" in the first sentence of his pleading.[36] Although this alone does not suffice to make a demand upon the estate, it clearly states Rapp's status. Furthermore, the purpose of the pleading was to object to the trustee's proposed compromise. Rapp objected because the compromise would leave less money in the bankruptcy estate with which to satisfy his unsecured claim. Rapp's Objection stated:

> Rapp's judgment debt alone is $1,144,214.47, and one other former shareholder creditor has a claim for $138,622.00. Rapp's claim thus represents **87%** of M&W's total indebtedness, and Rapp alleges upon information and belief that it was precisely to attempt to deprive Rapp of payment for this claim that M&W's purely voluntary bankruptcy of convenience was filed by Messrs. Tucker and Vaughan.[37]

This language indicates that Rapp has a claim against debtor, and that Rapp intends to collect on the debt from debtor's estate. When read together, Rapp's statements that the "judgment debt alone is $1,144,214.47" and that his "claim thus represents **87%** of M&W's total indebtedness" constitute a demand on the bankruptcy estate. It suffices to inform debtor of the nature of the claim (a judgment debt) and the amount of the claim ($1,144,214.47). See In re American Classic Voyages Co., 405 F.3d 127, 132-33.

Rapp's Objection also evidences an intent to hold the bankruptcy estate liable for the debt. Rapp identified himself as

---

[36]Objection to the Trustee's Application to Compromise Controversy with Tucker, Vaughan, Gardner & Barnes, P.C., p. 1, Docket Entry No. 50 in Bankruptcy Case No. 04-39807.

[37]Id. at ¶ 14,

a creditor and stated the amount of the debt. Furthermore, Rapp complained that Tucker and Vaughan had attempted to deprive him from receiving payment of this debt by filing bankruptcy. In a footnote to his objection, Rapp stated that

> M&W was not insolvent, it was not failing to pay its debts as they matured, and there is no 'fresh start' needed or available in this case. Tucker and Vaughan apparently simply desired to restructure their firm into a new one with their names on the door, and this is fine, but M&W's creditors should not be called upon to pay for this luxury.[38]

The court concludes that Rapp, as a creditor, intended by this filing to hold debtor liable for the debt despite the debtor's bankruptcy. The purpose of Rapp's Objection was to ensure that there were more monies left in the bankruptcy estate to satisfy his unsecured claim. Were Rapp not going to make a claim upon the bankruptcy estate, he would have little reason to object to the percentage of contingent fees awarded to the bankruptcy estate versus the percentage awarded to Tucker and Vaughan's new law firm. The court concludes that Rapp's Objection satisfies elements two and three of the four-part test.

Appellants also argue that the Bankruptcy Court erred in considering the Trustee's Motion for Relief from Stay and Tucker and Vaughan's Response to Rapp's Objection in making the determination that Rapp filed an informal proof of claim prior to the bar date. Appellants cite several cases to support the

---

[38] Id. at p. 3 n.1.

proposition that a debtor or trustee's knowledge is irrelevant to the determination of the existence of an informal claim.

In <u>Nikoloutsos</u> the Fifth Circuit stated that the first four elements -- "writing, filing, stating a claim and evincing intent to hold liable, are important to provide notice, not just to the debtor, but also to the bankruptcy court. That is critical for an orderly disposition of claims." <u>In re Nikoloutsos</u>, 199 F.3d at 236. The cases cited by appellants support the proposition that the claimant must meet the first four elements without resort to pleadings by other parties. But the last element, weighing the equities, can take all of the relevant circumstances of the case into consideration, including other pleadings. <u>See</u> <u>id.</u> at 236-37 (considering factors such as the bankruptcy court's understanding of whether a pleading constituted an informal proof of claim in weighing the equities).

The Bankruptcy Court applied the proper legal standards in evaluating whether Rapp's Objection constituted an informal proof of claim. The Bankruptcy Court's Order Regarding Objection to Claim of Robert Rapp does not reflect that the Bankruptcy Court considered either the Trustee's or Tucker and Vaughan's pleadings in evaluating whether Rapp's Objection satisfied the first four elements of the test for an informal proof of claim. The Bankruptcy Court held that "the quoted portions of Rapp's Objection to the trustee's application to compromise controversy filed with the bankruptcy court on September 15, 2004, constitute a written demand by Rapp on the debtor's estate evidencing an intent to hold

-13-

the debtor liable for the debt."[39]  The Bankruptcy Court considered the filings by the trustee and Tucker and Vaughan as relevant circumstances only in weighing the equities.[40]

The Bankruptcy Court did not abuse its discretion in determining that the equities weighed toward permitting the informal proof of claim.  The parties who objected to the informal proof of claim -- the trustee, Tucker, and Vaughan -- clearly understood that Rapp was a creditor of the bankruptcy estate.  Not only was Rapp a creditor, he was the largest unsecured creditor of the estate, and his judgment against debtor necessitated the bankruptcy filing in the first place.

The court concludes that the Bankruptcy Court did not err in finding that Rapp's Objection, filed on September 15, 2004, constituted a timely-filed informal proof of claim.

## V.  Conclusions

Accordingly, the Bankruptcy Court's August 4, 2005, Order Regarding Objection to Claim of Robert Rapp (Docket Entry No. 136 in Bankruptcy Case No. 04-39807) is **AFFIRMED**.

**SIGNED** at Houston, Texas, on this 15th day of August, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[39]Order Regarding Objection to Claim of Robert Rapp, p. 3, Docket Entry No. 136 in Bankruptcy Case No. 04-39807.

[40]"The Court further finds that based on the facts of the case, allowance of the claims is equitable under the circumstances." Id.

-14-